United States District Court
Middle District of Florida
Jacksonville Division

**TERESA CHRISTMAS SPEIGHTS,**

    *Plaintiff,*

v.                                                                        **NO. 3:13-cv-1016-J-34PDB**

**COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,**

    *Defendant.*

### Report and Recommendation

Before me in this case concerning the Social Security Administration's denial of the plaintiff's claim for disability benefits, Doc. 1, is the defendant's motion to dismiss the complaint based on the plaintiff's failure to timely effectuate service, Doc. 14. I recommend denying the motion.

### Background

The plaintiff filed her complaint on August 20, 2013, Doc. 1, and, along with her complaint, an application requesting permission to proceed in forma pauperis, Doc. 2. The next day, the Court entered an order allowing her to proceed in forma pauperis. Doc. 4. The Court directed the clerk to send her blank summons and United States Marshals Service forms to be completed and returned to the clerk's office, notified her of the requirements for timely service, informed her that she was responsible for ensuring timely service, and warned her about the consequences of

failing to do so. Doc. 4. The clerk sent the blank summons and forms to her on August 22, 2013.

More than four months passed by with no apparent activity in the case. Thus, on January 3, 2014, I entered an order directing the plaintiff to show good cause by January 17, 2014, why her case should not be dismissed for failure to ensure timely service or otherwise prosecute the case because more than 120 days had passed since the filing of her complaint, the granting of her IFP motion, and the provision of blank forms by the clerk's office. Doc. 7. I warned her that her failure to respond to the order could result in the dismissal of her case without further notice. *Id.*

The plaintiff did not respond to the show-cause order until March 6, 2014. Docs. 10−13. She represented that summons had been issued on January 10, 2014, that the United States Attorney had been served on January 15, 2014, and that the Commissioner of the Social Security Administration and the United States Attorney General had been served on March 7. Doc. 10, 13.

On March 17, 2014, the defendant filed a motion to dismiss the complaint based on the plaintiff's failure to timely effectuate service and her failure to offer any explanation or otherwise show good cause for the failure. Doc. 14. In response, her counsel concedes that service should have been completed by December 18, 2013. Doc. 15. He represents that he took immediate steps to rectify the problem once he discovered it and asks the Court to not punish the plaintiff for his own error. *Id.* at 2.

During the pendency of this case, the plaintiff's counsel appeared at a hearing before the Honorable Timothy Corrigan to address deficiencies in his cases pending

in the Jacksonville Division. *See Simmons v. Comm'r of Soc. Sec.*, No. 3:13-cv-680-J-32PDB, Doc. 19 (M.D. Fla. February 13, 2014). Following that hearing, Judge Corrigan entered an order directing him to undertake a thorough review of his pending cases to ensure that he is properly handling them. *Id.*, Doc. 20 (M.D. Fla. February 18, 2014). In particular, Judge Corrigan directed him to ensure that in all cases in which the Court had allowed the plaintiff to proceed in forma pauperis, he had returned the proper forms to the clerk and had responded to show-cause orders with appropriate explanations. *Id.* He responded to Judge Corrigan's order in this case by summarizing its procedural history. Doc. 16.

## Law and Analysis

Federal Rule of Civil Procedure 4(m) states "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." If the plaintiff shows "good cause" for the failure to timely serve the defendant, however, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

"Good cause exists 'when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009) (quoting *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007)). But even if the plaintiff fails to show good cause, "the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case."

*Lepone-Dempsey*, 476 F.3d at 1281. An example of a factor that may warrant (but not require) an extension of time for service of process would be the running of the statute of limitations of the plaintiff's claim. *Id.* at 1282.

The plaintiff's 120-day period for serving process expired on December 18, 2013 (or December 19 if counting from the date the Court allowed her to proceed in forma pauperis, Doc. 4), but the United States Attorney was not served until January 15, 2014, and the Commissioner and the Attorney General were not served until March 7, 2014. The plaintiff has not offered any explanation for the delay other than her counsel's concession that it was his own error. Doc. 10, 15. Because counsel's negligence does not constitute good cause, *see Rance*, 583 F.3d at 1286, she has not presented any.

Considering the facts of the case, however, an extension of time for service of process is warranted. The plaintiff had to file her complaint within 60 days of the Appeals Council's action on her request for review. 42 U.S.C. § 405(g). Dismissal without prejudice under Fed. R. Civ. P. 4(m) would effectively bar her from seeking review. At the same time the defendant has not articulated any prejudice that the Social Security Administration would suffer if the Court extends the time for service of process, *see* Doc. 14, and none is apparent given that the United States Attorney received notice of the case within one month of the expiration of the 120-day service period. Further, the plaintiff's counsel—who claims responsibility for the error—was experiencing difficulties in the management of his federal cases during the pendency of this case and has since undertaken a thorough review of his pending cases to

ensure that they are being properly handled. *See Simmons*, No. 3:13-cv-680-J-32PDB, Doc. 20 (M.D. Fla. February 18, 2014); Doc. 16 (response to *Simmons* order). Under these circumstances, an after-the-fact extension of the service of process deadline—to March 7, 2014—is warranted.

## Recommendation

Thus, I recommend **denying** the defendant's motion to dismiss, Doc. 14, and **directing** the defendant to file an answer within 60 days of the Court's order.[*]

**Entered** in Jacksonville, Florida, on May 12, 2014.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

C:   Counsel of record

---

[*]Either party may file and serve specific written objections to this report and recommendation within 14 days of service. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 6.02(a). Their failure to do so may alter the scope of direct and appellate review. *See* Fed. R. Civ. P. 72(b)(3); *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013).